JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-3192-MWF (AGRx) | **Date:** May 22, 2020 |
| **Title:** Joel A. Tejeda v. FCA US LLC, et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER RE MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [11]

Before the Court is Plaintiff Joel A. Tejeda's Motion to Remand (the "Motion"), filed on April 24, 2020. (Docket No. 9). On May 6, 2020, Defendants FCA US LLC ("FCA") and Russell Westbrook Chrysler Dodge Jeep Ram Van Nuys ("Westbrook") filed a Notice of Non-Opposition. (Docket No. 13).

The Motion was noticed to be heard on June 1, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Vacating the hearing is further supported by the Continuity of Operations Plan arising from the COVID-19 emergency. The hearing is therefore **VACATED** and removed from the Court's calendar.

The Motion is **GRANTED**. The Court does not have diversity jurisdiction over the action because complete diversity is lacking. Plaintiff and Defendant Westbrook are both citizens of California, and FCA has failed to establish that Westbrook was fraudulently joined.

Plaintiff filed the original complaint in the Los Angeles County Superior Court on February 27, 2020. (Docket No. 1-3). FCA removed the action based on diversity jurisdiction on April 6, 2020. (Notice of Removal ("NoR") (Docket No. 1)). On April 24, 2020, Plaintiff filed a Second Amended Complaint ("SAC"). (Docket No. 12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-3192-MWF (AGRx)**                        **Date:  May 22, 2020**
**Title:     Joel A. Tejeda v. FCA US LLC, et al.**

Plaintiff appears to be a resident and citizen of California.  (*See* SAC ¶ 2; NoR ¶ 28).  Defendant Westbrook is also a citizen of California.  (*See* SAC ¶ 5; NoR ¶ 31).  Therefore, on the face of the complaint, complete diversity seems lacking.  Nonetheless, FCA argues that complete diversity exists because Westbrook was fraudulently joined and should be disregarded in the Court's analysis.  (NoR ¶¶ 31-33).

An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'"  *Hunter*, 582 F.3d at 1042 (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)).  The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ."  *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).  A removing defendant must "prove that individuals joined in the action cannot be liable on any theory."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds*, 2015 WL 4573009, at *2 ("To prove fraudulent joinder, the removing defendant must show that ***settled*** law ***obviously*** precludes the liability against the nondiverse defendant.") (emphasis added).

Because a defendant faces a heavy burden in establishing that remand is appropriate, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor."  *Macey v. Allstate Property and Cas. Ins. Co*., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)).  "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand."  *Id*.; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant.").  Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-3192-MWF (AGRx)**          **Date:  May 22, 2020**
**Title:    Joel A. Tejeda v. FCA US LLC, et al.**

Here, Plaintiff alleges only one claim against Westbrook: negligent repair. (SAC ¶¶ 82-86).  In the Notice of Removal, FCA argues that this claim is non-justiciable because (1) the economic loss rule bars Plaintiff's negligent repair claim; and (2) the claim is not sufficiently alleged.  (NoR ¶¶ 31-33).  Both arguments are not persuasive.

*First*, economic loss rule does not bar Plaintiff's claim for negligent repair. "California decisional law has long recognized that the economic loss rule does not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former has been incorporated." *Jimenez*, 29 Cal. 4th at 483.  Accordingly, a manufacturer of a defective component still may be liable for a tort claim for damage that the defect causes to other parts of the product.  *See id.* ("[W]e conclude that the manufacturer of a defective window installed in a mass-produced home may be held strictly liable in tort for damage that the window's defect causes to other parts of the home in which it is installed"); *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 841 (C.D. Cal. 2019) ("Defendants have failed to show the economic loss rule entirely precludes Plaintiffs' negligent repair claim" because "Plaintiffs allege problems with various subcomponents of the engine, including the rear driveshaft, engine compartment, and turbocharger.").

Here, Plaintiff has alleged that various components of the Vehicle are defective. (*See* SAC ¶ 10).  Because such defects may have caused damage to the rest of the Vehicle, the economic loss rule does not entirely preclude Plaintiffs' negligent repair claim.  *See e.g., Madison v. Ford Motor Co.*, No. 2:19-CV-00853 WBS DB, 2019 WL 3562386, at *2 (E.D. Cal. Aug. 6, 2019) ("Consistent with the economic loss rule, it is possible that plaintiffs could show that a defect in one component of the vehicle caused damage to other parts of the vehicle."); *Lopez v. Ford Motor Co.*, No. CV 19-4779-GW (FFMx), 2019 WL 5444391, at *2 (C.D. Cal. July 18, 2019) ("Defendants have not established that a customer could never recover against a dealership for negligent repair of a vehicle under warranty."); *Lytle v. Ford Motor Co.*, No. 2:18-CV-1628 WBS EFB, 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018) ("California law is not so

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-3192-MWF (AGRx) | **Date:** May 22, 2020 |
| **Title:** Joel A. Tejeda v. FCA US LLC, et al. | |

settled that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle.").

*Second*, Defendants have not established that there is absolutely no possibility that Plaintiff can establish a cause of action against Westbrook.  In the Notice of Removal, FCA argues that Plaintiff's allegations regarding Westbrook are "bare-boned" and "non-specific."  (NoR ¶ 32).  However, Plaintiff may amend the complaint to add additional allegations.  *See Avellanet v. FCA US LLC*, No. CV 19-7621-JFW (KSx), 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019) ("[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant.  Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies.") (internal quotation marks and citation omitted).  In fact, Plaintiff has filed a SAC, which includes additional allegations against Westbrook.  (*See* SAC ¶¶ 11-16).

Accordingly, the Motion is **GRANTED**.  The Court **REMANDS** this action to the Los Angeles County Superior Court.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or whether a demurrer should be sustained or overruled in Superior Court.

IT IS SO ORDERED.